## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Jose Granillo-Lopez,                    )
                                        )
            Petitioner/Defendant,       )
                                        )
                                        )
v.                                      )       Case No. 04-10072-01-WEB
                                        )                05-3386-WEB
                                        )
UNITED STATES OF AMERICA,               )
                                        )
            Respondent/Plaintiff.       )

MEMORANDUM AND ORDER

Now before the Court is the motion of Jose Granillo-Lopez, to vacate, set aside or correct his sentence under the provisions of 28 U.S.C. §2255. (Doc. 33).

A review of the record reflects that petitioner pled guilty on June 22, 2004 to Count 1 of the indictment, which charges a violation of Title 8, U.S.C. §1326(a) and (b), re-entry after deportation following a conviction for an aggravated felony. (Doc. 14). On September 22, 2004, the Court sentenced Petitioner to 71 months and entered judgment. (Doc. 17). Defendant made a direct appeal arguing that his appeal was not within the scope of the waiver because it was not voluntary and his sentence was above the statutory maximum. (Doc. 32). On May 11, 2005, the Tenth Circuit enforced Petitioner's plea agreement and dismissed his appeal. (Id.). On September 30, 2005 Petitioner filed this motion under 28 U.S.C. § 2255. (Doc. 33). The Government responded on February 27, 2006. (Doc. 37). Petitioner filed no reply.

Petitioner argues he is entitled to relief because: his attorney was unconstitutionally ineffective; English only court documents caused prejudice; prosecution failed to disclose its intention to use prior convictions to increase the sentence; and his sentence should be revisited because the sentencing guidelines are no longer mandatory.

## I.  STANDARD

As noted by the Tenth Circuit, Petitioner entered into a plea agreement where he waived his appellate rights.  (Doc. 32).  "In cases such as this where a defendant waived his appellate rights pursuant to a plea agreement, we must first determine whether the defendant can appeal his sentence notwithstanding the appellate waiver." *United States v. Taylor*, 413 F.3d 1146, 1151 (10th Cir. 2005). The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who have waived their appellate rights in the plea agreement.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).  To hear such an appeal on the merits this Court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein".  *Id.*

The Tenth Circuit found that the waiver of appellate rights was enforceable; however, Petitioner raises different grounds in this collateral appeal.  (Doc. 32).  "The 'law of the case' doctrine requires every court to follow the decisions of courts that are higher in the judicial hierarchy"; however, out of an abundance of caution the Court will apply the *Hahn* factors to determine if the waiver is still enforceable. *Roane v. Koch Indus.,* 103 F. Supp. 2d 1286, 1289 (D. Kan. 2000).

## II.  ANALYSIS

a.  Scope

Under the first prong, the Court must determine whether the disputed appeal falls within the scope of the waiver of appellate rights.  The Court "will construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Hahn*, 359 F.3d at 1325 (quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003)).  Section seven on page four of the plea agreement has the title - "Waiver of Appeal and Collateral Attack" and it states:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal the conviction herein or a sentence imposed that is within the guideline range determined appropriate by the court.  The defendant also waives any right to modify, change or challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. §2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).  In other words the defendant waives the right to appeal the conviction and sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 13 at 4-5).

The plea agreement specifically includes a statement waiving the right to attack the sentence through collateral review on a § 2255 motion.  However, the waiver allows for an appeal pursuant to *United States v. Cockerham,* 237 F.3d 1179 (10th Cir. 2001), under section 3582, and to the extent that the court departs upwards from the applicable sentencing guideline range determined by the court.

None of these exceptions apply.[1]  First, Petitioner has not brought this motion under the provisions of 18 U.S.C. § 3582(c)(2).  Next, Petitioner's sentence does not fall outside the applicable sentencing guideline range as the applicable range was 57 to 71 months and the Court sentenced Petitioner to 71 months.

b.  Knowing and Voluntariness of Petitioner's Waiver

The Court will only enforce plea agreements that defendants enter into knowingly and voluntarily. *Hahn*, 359 F.3d at 1328; *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001).  Petitioner bears the burden to show that he did not make the plea agreement knowingly and voluntarily.  *Hahn*, 359 F.3d at 1328; *United States v. Edgar,* 348 F.3d 867, 872-873 (10th Cir. 2003) (petitioner has the burden to present evidence from the record establishing that he did not understand the waiver).

Petitioner claims the prosecution did not inform him that prior convictions would increase his sentence and that his counsel failed to spend enough time with him explaining the plea agreement.  The Court will construe these claims liberally as ones attacking the knowing and voluntary character of the plea agreement.  *Hall v. Furlong*, 77 F.3d 361, 363 n2 (10th Cir. 1996) (*pro se* motions should be interpreted liberally).

The record does not support Petitioner's arguments.  First, there are many sworn statements showing that Petitioner knew his past criminal conduct could be used in the sentence. Petitioner's signed plea agreement states:

The defendant understands that the sentence to be imposed will be determined solely by the United

---

[1]  The *Cockerham* case addressed attorney ineffectiveness in the negotiation of the waiver which the Court will address later in this opinion.  *Id.* at 1187.

States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

...

The Defendant understands that the United States will provide to the Court and to the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities.

(Doc. 13 at 3, 5).

Petitioner's petition to plea guilty states:

I know that the sentence I receive is solely a matter within control of the Judge.  I do understand that there is no limitation on the information the Judge can consider at the time of sentencing concerning my background, character and conduct...In determining the guideline range, whether to depart, and the sentence to impose, the Court may take into account all relevant criminal conduct, which may include counts to which I have not pled or been convicted...

(Doc. 14 at 4).

Moreover, during the Rule 11 plea colloquy, Petitioner acknowledged that the Court may take into account relevant criminal conduct which may affect his sentence.  (Doc. 27 at 10: 15-25).  Petitioner has failed to meet his burden to show that he did not enter this plea agreement without knowledge that his past criminal conduct could affect his sentence.  *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988) (A defendant's statements at a plea hearing should be regarded as conclusive as to the truth and accuracy in the absence of a believable valid reason justifying departure from the apparent truth of those statements)

Petitioner also argues that his counsel was ineffective for failing to better explain the plea agreement. The right to effective assistance of counsel is defined as a two part test in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Petitioner must show that his attorney's representation fell below an objective standard of reasonableness.  *Id.* at 687-688.  Second, Petitioner must show that there is a reasonable

-5-

probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner fails to provide any details about what he did not understand about the plea agreement or any specifics about what his attorney failed to explain. Petitioner's sworn statements show that his attorney did explain the plea agreement. The following statements were made during the Rule 11 plea colloquy:

> The Court:  Well, you're represented by your lawyer, Mr. Gradert.  Have you and Mr. Gradert thoroughly gone over this petition to plead guilty.
> Defendant Granillo-Lopez: Yes.
> ...
> The Court: Have you received a copy of the indictment before being called upon to plea?
> Defendant Granillo-Lopez: Yes
> The Court: Have you read it, or had it translated for you and discussed it with your lawyer?
> Defendant Granillo-Lopez: Yes
> The Court: Do you fully understand the charges against you in the indictment?
> Defendant Granillo-Lopez: yes.
> ...
> The Court: Did you tell your lawyer all the facts and circumstances known to you about the charges in the indictment?
> Defendant Granillo-Lopez: Yes.
> The Court: Do you believe that he's fully informed on such matters?
> Defendant Granillo-Lopez: Yes.
> ...
> The Court: Has your lawyer counseled and advised you on the nature of each charge and on all lesser included charges and on all possible defenses you might have in this case?
> Defendant Granillo-Lopez: Yes.
> ...
> The Court: Have you gone over that plea agreement with your attorney?
> Defendant Granillo-Lopez: Yes
> ...
> The Court:  Do you completely understand it?
> Defendant Granillo-Lopez: Yes
> ...

-6-

> The Court: Do you believe your lawyer has done everything anyone could do to help you and assist you in this case?
> Defendant Granillo-Lopez: Yes.
> The Court: Are you satisfied with the advice and help that he's given you?
> Defendant Granillo-Lopez: Yes.

(Doc. 27).

Moreover, Petitioner swore in his petition to plea guilty that he read, understood and discussed with his attorney each and every part of this petition to plead guilty and was satisfied with his attorney's assistance. (Doc. 14 ¶¶ 19, 25 ). Petitioner cannot credibly argue now that his counsel failed to better explain the terms of the plea agreement when he so clearly swore in court to the contrary.

> Representations of the defendant...as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996).

Petitioner has failed to show that his counsel fell below an objective standard of reasonableness; consequently, the Court finds that Petitioner entered into his plea agreement knowingly and voluntarily.

c. Miscarriage of Justice

An enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations is present: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. The petitioner has the burden to show that enforcement of the waiver in the plea

agreement would result in a miscarriage of justice. *United States v. Anderson,* 374 F.3d 955, 959 (10th Cir. 2004).

Petitioner fails to show that his appeal meets any of these four factors. Petitioner does not argue that the Court relied on any impermissible factor such as race or that his counsel was ineffective in the negotiation of the waiver. Moreover, Petitioner's sentence of 71 months is well within the statutory limit of twenty years; consequently, Petitioner's claims do not meet the third factor. 8 U.S.C. §1326(b)(2)

The fourth factor is satisfied when the waiver contains an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id; See United States v. Olano*, 507 U.S. 725, 732 (1993). Petitioner argues, without specific details, that the Court's failure to provide him with Spanish court documents caused him prejudice and "unfair justice." Because Petitioner has alleged that the judicial proceedings were unfair, the Court will construe this argument under the fourth prong.

Petitioner's argument is unpersuasive. "For entry of a plea of guilty, due process of law requires adequate notice to a defendant of the charges against him and the consequences of entering a plea of guilty." *Sanders v. United States,* 130 F. Supp. 2d 447, 449 (S.D.N.Y. 2001). The record is replete with Petitioner's statements that he had a Spanish interpreter and understood the charges and the plea agreement. The following conversation occurred during the Rule 11 plea colloquy:

> The Court: Well, you're represented by your lawyer, Mr. Gradert. Have you and Mr. Gradert thoroughly gone over this petition to plead guilty.
> Defendant Granillo-Lopez: Yes
> The Court: And you've had Ms. Rivera there to translate from English into Spanish.
> Defendant Granillo-Lopez: Yes.
> The Court: Have you received a copy of the indictment before being called upon to plea?
> Defendant Granillo-Lopez: Yes.
> The Court: Have you read it, or had it translated for you and discussed it with your lawyer?
> Defendant Granillo-Lopez: Yes.

The Court: Do you fully understand the charges against you in the indictment?
Defendant Granillo-Lopez: Yes.
The Court: When I ask you these questions, it's with the understanding that Ms. Rivera has translated into Spanish for your understanding that when I ask you the questions, you will have known what the answers and what the English translation into Spanish; is that right...
Defendant Granillo-Lopez: Yes.

(Doc. 27 at 3: 19 to 4: 17).

The plea colloquy shows Petitioner had access to a translator and understood the documents and proceedings.  It cannot be concluded that an oral instead of written translation of the plea agreement caused any unfairness in the judicial proceeding; hence, the waiver is lawful and its enforcement will not result in a miscarriage of justice.

Petitioner's also argues that his sentence ought to be reviewed because the Guidelines are no longer mandatory and his counsel was unconstitutionally ineffective for failing to appeal.  These arguments fall within the scope of the appellate waiver; therefore, they are waived and will not be addressed.[2]  *Cf.* *Taylor*, 413 F.3d at 1152 (Booker claim preserved because appellate waiver permitted collateral appeals for changes in Tenth Circuit law).

---

[2] The Court does note that Petitioner's counsel made a direct appeal.  (Doc. 18).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 33) be DISMISSED.  It is further ORDERED that a Certificate of Appealability under 28 U.S.C. Section 2253 be DENIED.

SO ORDERED this 7th  day of June, 2006.

 s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge